IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| A. C. JACKSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>D. LEU, )<br>)<br>Respondent. ) | Civil Action No. 1:23-cv-422 (RDA/WEF) |

**<u>MEMORANDUM OPINION</u>**

A. C. Jackson ("Petitioner" or "Jackson"), a federal inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his 2014 convictions in the U.S. District Court for the Eastern District of Missouri ("sentencing court") for two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Jackson*, No. 1:13cr67 (E.D. Mo. Apr. 10, 2014), (Dkt. No. 73). The district court sentenced him to a total of 210 months' imprisonment. (*Id.* at 2). The Eighth Circuit affirmed his convictions and sentence on direct appeal. *United States v. Jackson*, 784 F.3d 1227 (8th Cir. 2015). Respondent has filed a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"). [Dkt. No. 14]. Petitioner has exercised his right to respond in accordance with Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 17], and he has also filed a Motion for Appointment of Counsel [Dkt. No. 18]. Accordingly, this matter is ripe for disposition. For the reasons below, Respondent's Motion to Dismiss will be granted, the underlying petition will be dismissed, and the Motion to Appoint Counsel will be denied.

I. Procedural History

In 2014, a jury found Petitioner guilty of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Jackson*, No. 1:13cr67, (Dkt. No. 64). The

sentencing court sentenced him to 210 months' imprisonment. (*Id.* at 2). The Eighth Circuit affirmed his convictions and sentence on direct appeal. *Jackson*, 784 F.3d 1227. In 2015, Petitioner filed a motion to vacate his convictions and sentence under § 2255, asserting that:

1) The grand jury indictment was unconstitutionally vague and did not charge an offense.
2) The grand jury indictment was constructively amended.
3) Jackson was denied his constitutional right to testify at a competency hearing.
4) Jackson was not convicted of the offense he was charged with.
5) 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Jackson.
6) The residual clause of 18 U.S.C. § 924(e) is unconstitutionally vague.
7) The Government improperly commented on Jackson's prior conviction for Aggravated Robbery.
8) Jackson's sentence is unconstitutionally excessive.
9) This Court improperly permitted a jury to sleep during the trial.
10) This Court improperly allowed the grand jury access to a copy of the indictment.

*Jackson v. United States,* No. 1:15cv115, 2015 WL 6750807, at *6 (E.D. Mo. Nov. 5, 2015). The sentencing court denied his motion on the merits. *Id.* at *25. On January 28, 2016, the Eighth Circuit denied his application for a certificate of appealability. *Id.* In 2017, the Eighth Circuit denied his petition to file a second or successive § 2255 motion. *See Jackson v. United States*, No. 17-1214 (8th Cir. May 19, 2017).

Petitioner next sought relief by filing a writ of habeas corpus under § 2241 in this Court, claiming that the application of the Armed Career Criminal Act to enhance his sentence was invalid after *Johnson v. United States*, 576 U.S. 591 (2015). The Court dismissed his petition as an unauthorized, successive § 2255 motion. *Jackson v. Wilson*, No. 1:17cv713, 2017 WL 7789722, at *2-3 (E.D. Va. June 30, 2017). The Fourth Circuit denied his request for a certificate of appealability. *Jackson v. Wilson*, 699 F. App'x 214, 215 (4th Cir. 2017) (per curiam), *cert. denied*, 138 S. Ct. 1567 (2018).

In 2018, Petitioner filed a petition for a writ of error coram nobis in the sentencing court, alleging that his sentence and detention violate the Ex Post Facto and Due Process Clauses; his prior convictions are not violent felonies under § 924(e) or U.S.S.G. § 4B1.4; his sentence is substantively unreasonable; and his trial and appellate counsel were ineffective. *Jackson v. United States*, No. 1:18cv40 (E.D. Mo. Feb. 20, 2018), (Dkt. No. 1). On March 19, 2018, the sentencing court construed the petition as a § 2255 motion and dismissed it as successive, *id.*, (Dkt. No. 4), and the Eighth Circuit summarily affirmed the dismissal, *Jackson v. United States*, No. 18-1713 (8th Cir. May 21, 2018).

In 2019, the Eighth Circuit denied Petitioner's second request for authorization to file a second or successive motion under § 2255. *See Jackson v. United States*, No. 19-2349 (8th Cir. Sept. 16, 2019).

In 2022, the Eighth Circuit denied Petitioner's third request for authorization to file a second or successive motion under § 2255. *See Jackson v. United States*, No. 22-1736 (8th Cir. May 27, 2022). He also filed a document titled "Motion for Fraud Upon the Court Pursuant to Fed. R. Civ. P. 60(d)(3)," which the sentencing court construed as a § 2255 motion and dismissed as successive. *See Jackson v. United States*, No. 1:22cv94, 2022 WL 3354706, at *6 (E.D. Mo. Aug. 12, 2022).

Also in 2022, Petitioner filed a letter asserting that § 922(g)(1) is unconstitutional based on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See United States v. Jackson*, No. 1:22cv148, 2022 WL 16713041, at *3 (E.D. Mo. Nov. 4, 2022). The sentencing court construed his letter as a motion under § 2255 and dismissed it as successive. *Id.* at *5. The Eighth Circuit denied his application for a certificate of

3

appealability. *See Jackson v. United States*, No. 22-3413, 2022 WL 19843022, at *1 (8th Cir. Dec. 2, 2022).

In January 2023, Petitioner filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) with the original sentencing court. *Jackson v. United States*, No. 1:23cv40, 2023 WL 3948841 (E.D. Mo. June 12, 2023). The petition "allege[d] the United States Sentencing Guidelines Manual was not followed properly, and his criminal history points were calculated incorrectly." The sentencing court found that "[w]hile the instant motion titled as a 'Motion for Compassionate Release for Extraordinary and Compelling Reasons pursuant to 18 U.S.C. § 3582(C)(1)(a),' it [wa]s an attempt to launch a collateral attack on movant's sentence" and had to "be brought under § 2255." *Id.* at *1 n.1. The Eighth Circuit denied his application for a certificate of appealability. *See Jackson v. United States*, No. 22-2541 (8th Cir. July 31, 2023).

In March 2023, Petitioner filed the instant petition for a writ of habeas corpus under § 2241, asking this Court to vacate his convictions and sentence on the grounds that: (1) § 922(g)(1) violates the Second and Fourteenth Amendments, and (2) § 922(g) is unconstitutional because it permits the government "to convict American citizens" of being felons in possession "based on misdemeanors, and without any prior felony convictions." [Dkt. No. 1 at 6–7].

## II. Analysis

After federal inmates have exhausted their right to a direct appeal, they may seek relief on collateral review under § 2255. Section 2255 imposes a number of restrictions. For example, a federal petitioner must file a motion within one year of his conviction becoming final, with limited exceptions, § 2255(f). After the initial § 2255 petition, successive motions under § 2255 are limited to newly discovered evidence that shows by clear and convincing evidence that the defendant is innocent, § 2255(h)(1); or new, retroactive constitutional rules announced by the

4

Supreme Court, § 2255(h)(2). Further, any appeal cannot proceed without a certificate of appealability. *See* 28 U.S.C. § 2253(c). Finally, § 2255 also precludes a federal inmate from seeking habeas relief under § 2241 unless he satisfies the savings clause in § 2255(e), which provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Jackson's § 2241 petition fails because he cannot satisfy § 2255(e)'s savings clause.

### A. Section 2255(e)'s Savings Clause

The Fourth Circuit has established the following test to determine whether § 2255's savings clause is applicable.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000), *abrogated by Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023). The Fourth Circuit later extended *In re Jones* to permit sentencing challenges under § 2241.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted).

The Supreme Court's recent decision in *Jones v. Hendrix* rejected the foundation of the Fourth Circuit's reasoning in interpreting the savings clause and abrogated the standards in *In re Jones* and *Wheeler*. In interpreting the savings clause, the *Jones v. Hendrix* Court explained that § 2255(e) must be read together with, and does not create an end run around, the specific limitations in § 2255. 143 S. Ct at 1868-69.

In reaching this conclusion, *Jones v. Hendrix* examined the history of the savings clause. Congress first enacted § 2255 to address the "serious administrative problems" created by federal inmates litigating habeas petitions in the districts where they were incarcerated, rather than where they had been prosecuted. *Id.* at 1866 (quoting *United States v. Hayman*, 342 U.S. 205, 212 (1952)). Specifically, "a federal prisoner's district of confinement was often far removed from the records of the sentencing court and other sources of needed evidence," and those "difficulties were 'greatly aggravated' by the concentration of federal prisoners in a handful of judicial districts, which forced those District Courts to process 'an inordinate number of habeas corpus actions.'" *Id.* (quoting *Hayman*, 342 U.S. at 213-14). "Section 2255 solved these problems by rerouting federal prisoners' collateral attacks on their sentences to the courts that had sentenced them." *Id.* The Supreme Court observed that when Congress enacted § 2255, the savings clause "cover[ed] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* Further, "[t]he saving clause might also apply when 'it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" *Id.* at 1866–67 (quoting *Hayman*, 342 U.S. at 215 n.23). Additionally, "§ 2255(e)

6

does not displace § 2241 when a prisoner challenges 'the legality of his detention' without attacking the validity of his sentence," such as when a prisoner challenges the calculation of good-time credits or administrative detention. *Id.* at 1867.

The savings clause, however, does not provide an opportunity for an inmate to evade § 2255's limitations on challenging the validity of his conviction or sentence. *Jones v. Hendrix* confirmed that after the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, "as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 1868. But "[b]ecause AEDPA did not alter the text of § 2255(e), there is little reason to think that it altered the pre-existing division of labor between §§ 2241 and 2255." *Id.*

Under *Jones v. Hendrix*, the narrow circumstances covered by § 2255(e) do not provide a means for defeating the limits that § 2255 imposes on habeas relief for federal inmates. *Jones v. Hendrix* held that "[a]ny other reading, would make AEDPA curiously self-defeating." *Id.* at 1869. For example, "[i]t would mean that, by expressly excluding second or successive § 2255 motions based on nonconstitutional legal developments, Congress accomplished nothing in terms of actually limiting such claims." *Id.* "Instead," Congress "would have merely rerouted" these claims "from one remedial vehicle and venue to another," thereby "resurrecting the very problems § 2255 was supposed to put to rest." *Id.* (citation and internal quotation marks omitted). "Stranger still, Congress would have provided 'a superior remedy' for the very nonconstitutional claims it chose not to include in § 2255(h)." *Id.* Specifically, "[a]fter escaping § 2255 through the saving clause, nonconstitutional claims would no longer be subject to AEDPA's other express procedural restrictions: the 1-year limitations period, *see* § 2255(f), and the requirement that a prisoner obtain

7

a certificate of appealability before appealing an adverse decision in the District Court, *see* § 2253(c)(1)." *Id.* None of these results would make sense. *Jones v. Hendrix* underscored that § 2255 "owes its existence to Congress' pragmatic judgment that the sentencing court, not the District Court for the district of confinement, is the best venue for a federal prisoner's collateral attack on his sentence." *Id.*

### B. Petitioner's Claims

In his § 2241 petition, Jackson seeks vacatur of his convictions and sentence on the grounds that § 922(g)(1) violates the Second and Fourteenth Amendments and § 922(g) is unconstitutional because it permits the government "to convict American citizens" of being felons in possession "based on misdemeanors, and without any prior felony convictions." [Dkt. No. 1 at 6-7].[1] Neither of Jackson's claims satisfies § 2255(e)'s savings clause.

First, Petitioner's two constitutional challenges to § 922(g)(1) are barred by Fourth Circuit precedent holding that "§ 2255 is not 'inadequate or ineffective' for testing constitutional claims" because "[a]n initial § 2255 motion provides relief for constitutional errors." *Farkas v. Butner*, 972

---

[1] In his response to the Motion to Dismiss, Jackson cites *United States v. Bullock*, __ F.Supp.3d __, No. 3:18cr165, 2023 WL 4232309, at *17-19 (S.D. Miss. June 28, 2023), which found that *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) required dismissal of an indictment alleging a violation of § 922(g)(1). Jackson argues that *Bruen* renders § 922(g)(1) unconstitutional and that this Court must therefore vacate his convictions. Jackson, however, does not appreciate the significant differences between the procedural posture of his case and that in *Bullock*. *Bullock* decided a motion to dismiss an indictment and was not a collateral challenge to a conviction or sentence. In order to be considered in a collateral challenge, Jackson's claims must pass through the savings clause of 2255(h)(2), "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." As the Eleventh Circuit recently held in denying a motion for a successive § 2255 petition, "reliance on *Bruen* as a new rule of constitutional law under § 2255(h)(2) is misplaced" because *Bruen* has not "'been made retroactively applicable by the Supreme Court to cases on collateral review.'" *In re Alexander*, No. 22-13900-D, 2022 U.S. App. LEXIS 33592, *4 (Dec. 6, 2022); *see also Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive").

F.3d 548, 559 (4th Cir. 2020) (citing § 2255(a), (b); *Daniels v. United States*, 532 U.S. 374, 377, 379 (2001)). *Farkas* held that "allowing a § 2241 application for a constitutional claim that does not fit within the narrow confines of § 2255(h)(2) would read § 2255(h)(2)'s gatekeeping provisions right out of the statute." *Id.* (citing *In re Jones*, 226 F.3d at 333). Here, Jackson already challenged the constitutionality of § 922(g)(1) in his initial § 2255 motion and in a letter, which the sentencing court construed as a successive § 2255 motion, *see Jackson*, 2022 WL 16713041, at *3, confirming that § 2255 is not inadequate or ineffective to test these claims. "The saving clause does not authorize such an end-run around AEDPA." *Jones v. Hendrix*, 143 S. Ct. at 1868.

Second, Petitioner's claim that his prior convictions no longer qualify as violent felonies under § 924(e) is based on an intervening decision of statutory interpretation that does not satisfy the savings clause after *Jones v. Hendrix*. *See id.* at 1869; *see also, e.g.*, *Williams v. Hudgins*, No. 20-7870, 2023 WL 4929310, at *1 (4th Cir. Aug. 2, 2023) (per curiam) (applying *Jones v. Hendrix* and concluding that the petitioner could not "challenge his § 922(g)(1) conviction based on *Rehaif*[*v. United States*, 139 S. Ct. 2191 (2019)] through a § 2241 petition by way of § 2255(e)'s savings clause"). *Jones v. Hendrix* underscored that § 2255(h) "specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." 143 S. Ct. at 1869; *see also, e.g.*, *Holmes v. United States*, No. 23-6434, 2023 WL 4839596, at *1 (4th Cir. July 28, 2023) (per curiam). Here, Petitioner has previously filed five pleadings which were construed as § 2255 motions, and his statutory claim does not satisfy § 2255(h)'s savings clause. *Jones v. Hendrix* made clear that this "limitation on second or successive motions" does not make § 2255 "inadequate or ineffective" such that the petitioner may proceed under § 2241. *Id.* at 1863.

9

Finally, Petitioner has not identified any "unusual circumstances" that "make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 1866. Nor does he challenge the legality of his detention beyond his collateral attacks. *Id.* at 1867. Without more, Petitioner has not established that § 2255 is "inadequate or ineffective to test the legality of his detention," § 2255(e), and he cannot proceed under § 2241. The Fourth Circuit has held that "the saving[] clause requirements are jurisdictional," *Wheeler*, 886 F.3d at 426, and *Jones v. Hendrix* did not disturb that ruling.

\*     \*     \*     \*

It is well settled that there is no constitutional right to appointment of counsel in a habeas case. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, a court may appoint counsel in a § 2241 proceeding when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. As this Court does not have jurisdiction over Jackson's claims, it naturally follows that there is no need for a hearing in this matter and Jackson's motion to appoint counsel will be denied.

### III. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss [Dkt. No. 14] will be granted, the instant petition will be dismissed, and Petitioner's Motion to Appoint Counsel will be denied. An appropriate Order and judgment shall issue.

Entered this 20th day of October 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge